HON. VICTOR S. BAHOU President, Civil Service Commission
This is in reply to your request for my opinion as to whether, consistent with Civil Service Law § 56, an eligible list for which no term hasbeen fixed, may be terminated in less than four years without the establishment of a superseding list.
The pertinent text of Civil Service Law § 56 provides:
"§ 56. Establishment and duration of eligible lists.
 The duration of an eligible list shall be fixed at not less than one nor more than four years * * *. An eligible list that has been in existence for one year or more shall terminate upon the establishment of an appropriate new list, unless otherwise prescribed by the state civil service department or municipal commission having jurisdiction."
First, the fact that your Commission has consistently interpreted the section for many years to mean that such a list may not be terminated by administrative action short of its four-year life, is entitled to considerable weight. This is especially true where, as you indicate, the officials administering the statute played a part in its drafting.
Secondly, in my opinion, your traditional interpretation finds support in the language of the section itself. The Legislature has provided for a minimum and maximum duration for civil service lists. It has further provided that such lists shall terminate, after the minimum period, "upon the establishment of an appropriate new list" unless the State or municipal civil service commission having jurisdiction shall prescribe otherwise. I find no other provision respecting the termination of an eligible list short of its maximum duration. Thus, while the words "not more than four years" could be read as merely the upper limit on the duration of the list, not to be exceeded, no provision is made for termination in less than that time except upon the promulgation of a superseding list.
Finally, according to your letter, it has been proposed in other quarters that you terminate a viable eligible list in less than four years so that provisional appointments might then be made. This proposal serves to illustrate a potential abuse in the discretionary termination of lists, before a new list has been promulgated. The law and public policy in this State have long preferred permanent appointments to provisional appointments in carrying out the constitutional mandate of appointments according to merit and fitness, to be ascertained by examination as far as practicable (N.Y. State Const., Art. V, § 6). Referring to provisional appointments (Civil Service Law § 65), the Appellate Division, First Department, in Poss v. Kern, 263 App. Div. 320 (1942) wrote at page 325:
 "* * * Appointments of this character are usually permissible in cases of emergency when there is no appropriate eligible list available for the position. * * *"
I am not unmindful of the decision of the Court of Appeals in Matter ofGoldstein v. Land, 16 N.Y.2d 735 (1965) reversing the Appellate Division, First Department, upon its dissenting opinion. There, the Court of Appeals sanctioned the termination of an eligible list for appointments to the Magistrate's Court in New York City based upon what it found to be extraordinary authority vested in the Administrative Board of the Judicial Conference over the appointment of its own employees, and because the Magistrate's Court no longer existed as such. I do not believe that decision requires a general application to every situation.
Therefore, I am in accord with your view that an eligible list for which no term has been fixed must remain in existence for four years unless earlier superseded by the establishment of an appropriate eligible list.